IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TABITHA N. MULLINS,

        Plaintiff,

    vs.

U.S. BANK, N.A.,
        et al.,

        Defendants.

Case No. C2-05-1002
Judge Edmund A. Sargus, Jr.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Clarification/Relief from Judgment. On July 17, 2007, the Court issued an Opinion and Order granting Defendants' Motion for Summary Judgment. In it, the Court found, with respect to Plaintiff's federal claims of pregnancy and race-based discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, that she had failed to adduce evidence of adverse employment action because Plaintiff did not request the sick leave which she alleged was deprived to her by Defendants. Having disposed of her federal claims, the Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

On August 7, 2007, Plaintiff moved for clarification and relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] In her Motion, Plaintiff expressed her concern regarding the

---

[1] Plaintiff also moved pursuant to Federal Rule of Civil Procedure 60(a) for the Court to amend the judgment to correct an error on page 16 of its Opinion and Order. There, the Court inadvertently referred to Defendant Kenneth Kessler as "Keller." The error was a typographical one and has no effect on the outcome of the case. It is clear from the context of the sentence that the Court is referring to Defendant Kessler. In any event, the Court has no authority to correct such mistake after the

potential *res judicata* effect of the Court's finding that Plaintiff failed to specifically request permission to leave work on September 15, 2004 to seek pre-natal medical care. Plaintiff asked the Court to clarify and revise its Opinion and Order to state that this finding of fact would have no preclusive effect on her state-law pregnancy discrimination claim, should she choose to file it.

On August 15, 2007, Plaintiff filed her Notice of Appeal to the United States Court of Appeals for the Sixth Circuit. Plaintiff, therefore, deprived this Court of jurisdiction to rule on her Rule 60(b) Motion by filing a notice of appeal from the underlying order. *See SEC v. Johnston*, 143 F.3d 260, 263 (6th Cir.1998) (holding that a district court does not retain jurisdiction to rule on a Rule 60(b) motion if a notice of appeal from the underlying order is filed before the court rules on the motion); Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir.1993). Further, as the Court of Appeals for the Sixth Circuit has held:

> The filing of an appeal with this Court generally divests a district court of jurisdiction over the case. In the district court's discretion, however, it may enter an order stating that it is disposed to grant a Rule 60(b) motion, which would allow the requesting party to move this Court to remand the case, thereby once again vesting jurisdiction in the district court. . . . [T]he district court is under no obligation to issue such an order, and in fact [this appeal was characterized] as a "procedural misstep" at oral argument. We agree. The district court did not abuse its discretion in refusing to rule on . . . [a] Rule 60(b) motion following . . . [an] appeal to this Court.

*Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*, 274 F.3d 377, 403 (6th Cir. 2001) (internal citations omitted). Because Plaintiff moved for Rule 60(b) relief and filed a notice of appeal prior to a ruling on it, this Court generally has no jurisdiction to entertain the Motion. Moreover, while Plaintiff has not requested that the Court do so, the Court notes that it is not inclined to issue a

---

appeal has been docketed with the Circuit Court. Fed. R. Civ. P. 60(a)("During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.")

discretionary order, pursuant to the procedure set forth in *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976), stating it is disposed to grant the Rule 60(b) Motion.

Because the Court is without jurisdiction to entertain the Motion during the pendency of her appeal, Plaintiff's Motion for Clarification/Relief from Judgment (Doc. #85) is **DENIED**.

**IT IS SO ORDERED.**

10-19-2007
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

-3-